J-A08016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS POSSINGER | : | |
| | : | |
| Appellant | : | No. 1632 EDA 2019 |

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0000631-2012,
CP-45-CR-0001741-2013.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS POSSINGER | : | |
| | : | |
| Appellant | : | No. 1749 EDA 2019 |

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0000631-2012,
CP-45-CR-0001741-2013.

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS POSSINGER | : | |
| | : | |
| Appellant | : | No. 2493 EDA 2019 |

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s): CP-45-CR-001741-2013.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS POSSINGER | : | |
| | : | |
| Appellant | : | No. 2494 EDA 2019 |

Appeal from the Order Entered May 13, 2019,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s): CP-45-CR-0000631-2012.

BEFORE: LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

JUDGMENT ORDER BY KUNSELMAN, J.:        Filed: November 5, 2020

Nicholas Possinger filed four appeals from the same order holding him in contempt for willfully failing to pay costs and fines. That order arose from two, unrelated, criminal cases. We vacate the order of contempt.

On May 13, 2019, the court of common pleas held Possinger in contempt for nonpayment of costs and fines, which a trial court and a magisterial-district court imposed after he pleaded guilty in two separate, criminal matters.[1]

_____

[1] Possinger pleaded guilty to theft by unlawful taking (18 Pa.C.S.A § 3921(a)) and possession with intent to deliver (35 Pa.C.S.A. §780-113(a)(30)). In the first case, 631 CR 2012, Possinger was sentenced to pay fines and costs in the amount of $390.50. He was immediately placed on a payment plan of $50 a month. He failed to pay the costs and the matter was sent to the Monroe County Probation Office for collection. In the second case, 1741 CR 2013, Possinger was sentenced to one year of probation, a fine of $2,500 plus costs, and 50 hours of community service. In August 2016, he entered into a

- 2 -

Three weeks later, Possinger timely filed two notices of appeal, in accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that, after June 1, 2018, separate notices of appeal must be filed for each lower-court docket number). However, Possinger included both docket numbers on both of his notices of appeal. Concerned that his appeals may be quashed for this technicality, Possinger moved the trial court to reinstate his appellate rights, *nunc pro tunc*, so he could file new notices of appeal with only one number on each. The trial court granted his request, and Possinger filed two additional notices of appeal.

Based on our recent decisions in **Commonwealth v. Johnson**, ____ A.3d ____, ____, (Pa. Super. 2020) (*en banc*) (filed July 9, 2020), Slip Opinion at 12 and **Commonwealth v. Larkin**, ____ A.3d ____, ____, (Pa. Super. 2020) (*en banc*) (filed July 9, 2020), Slip Opinion at 3 (accord), we conclude that Possinger's first two appeals (1632 and 1749 EDA 2019) may proceed, notwithstanding his inclusion of both trial-court docket numbers on his separate notices of appeal.

However, his subsequent, now-redundant appeals (2493 and 2494 EDA 2019) must be quashed, because the trial court lacked jurisdiction to grant

_____

payment plan with the Monroe County Probation Office to pay a minimum of $100 per month. On April 17, 2019, after Possinger failed to make any payments for over a year, a Petition for Rule to Show Cause was issued in both of these matters. It was the first Petition for Contempt filed in these cases. At the time of filing, Possinger still owed $295.50 in the first case and $1,855.00 in the second case. Before the hearing on May 13, 2019, Possinger's mother made a $150.00 payment on his behalf.

*nunc pro tunc* relief on August 26, 2019. Under Rule of Appellate Procedure 1701(a), "after an appeal is taken . . . the trial court . . . may no longer proceed in the matter." When a party appeals (if that appeal is from an appealable order or a final judgment), that appeal divests the trial court of its original jurisdiction. *See*, *e.g.*, *Commonwealth v. Bishop*, 829 A.2d 1170 (Pa. Super. 2003).

In his two valid appeals (*i.e.*, 1632 and 1749 EDA 2019), Possinger raised three issues all challenging the contempt findings of the trial court. In response, the Commonwealth filed a letter with this Court indicating that the District Attorney of Monroe County agreed that Possinger is entitled to appellate relief. Commonwealth's 12/11/19 Letter to Superior Court. Because the Commonwealth concedes that under the facts of this case the finding of contempt should be vacated, we shall do so.[2] *See*, *e.g.*, *Commonwealth v. McNeal*, 120 A.3d 313, 328-329 (vacating judgments of sentence when Commonwealth concedes the appellant is entitled to relief).

Order of contempt vacated. Order reinstating appellate rights *nunc pro tunc* vacated. Appeals 2493 EDA 2019 and 2494 EDA 2019 quashed.

Jurisdiction relinquished.

---

[2] In his brief, Possinger requested that we publish our decision in this matter "because of the substantial, public importance of the issues raised in this appeal." Possinger's Brief at 34. Given that our grant of relief rests solely upon the agreement of the parties, the request for publication is **DENIED**. Similarly, Possinger's request for oral argument is **DENIED** as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/20